No. ———

First Circuit

RICHARD MORRIS v. E. FISHER & SONS

(December 8, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.
The judgment of the trial court on matters of fact except where clearly erroneous will be affirmed.

Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit for a settlement of account arising out of a contract by which the plaintiff agreed to cultivate crops on the share system. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

R. L. Garland, of Opelousas, attorney for plaintiff, appellee.

P. R. Sandoz, of Opelousas, attorney for defendants, appellants.

LECHE, J. The plaintiff, a negro laborer having with him, a family of five children all able to work, entered into an agreement with the defendants who own a farm on Bayou Boeuf, whereby he agreed to move on defendants' farm and to cultivate the same in cotton and other crops on the share system. Defendants were to make the advances necessary to plant, cultivate and harvest the crops and the plaintiff was to contribute his own personal labor and that of his children and each of the parties to the agreement was to receive one-half of the crops, plaintiff however to reimburse defendants for their advances to him, out of his share of the crops. This agreement was carried out by the parties and the crops were accordingly planted, grown and harvested during the current year, 1924, and the present suit is in the nature of a demand for an accounting.

Plaintiff charges in substance that he cultivated and harvested nineteen bales of cotton, which he turned over and delivered to the defendants who sold the same for the price and sum of $2114.49, and he sues for the specific amount of one-half the proceeds of the cotton, viz: $1057.25.

The defendants in their answer, admit, that they received from plaintiff only eighteen bales of cotton, half of the proceeds of which coming to plaintiff, amounting to $990.84; they claim to have made advances to plaintiff in the sum of $926.66,

and therefore admit that they owe plaintiff the difference between the proceeds of his share of the crop and the advances made to him, or the sum of $64.18, to which is to be added an additional credit of $39.01 making a total of $103.19, an amount which they tendered to plaintiff in full satisfaction of his demand.

The District Judge found that defendants owed plaintiff the sum of $320.18 and defendants have appealed from that finding. Plaintiff has answered the appeal and prays for an increase of judgment in accordance with his original demand.

In this court, the differences between the parties are limited to certain items in defendants' account and involve purely questions of fact.

1. The parties disagree as to the number of bales of cotton grown by plaintiff and delivered to the defendants. In considering the credibility of the witnesses, with none of whom the members of this court are personally acquainted, we find on one side a man of affairs engaged in other and perhaps extensive business and on the other side an illiterate negro with all of his attention centered on one single subject and upon that subject he depends for subsistence. We find that the negro's statements are some times conflicting with one another, but that is not conclusive proof that his testimony is false as to the main fact in controversy and it may be that these apparent contradictions are the result of error, misunderstanding or ignorance. The fact however appears beyond dispute, that plaintiff brought to the Dubuisson gin, where all the cotton was delivered, nineteen bales of cotton. The records of the gin were kept by persons who so far as the record shows, have no interest in this controversy and it is upon this evidence that the District Judge found that plaintiff was entitled to be credited

with nineteen bales. We see no ground to reverse him in this conclusion.

2. The trial court found as a fact that plaintiff was entitled to a deduction in defendant's account, of $56.00, for expenses of last illness and funeral of his daughter, wife Philip Sam. This item is proved by the testimony of Fisher, and plaintiff's attack upon its correctness, is vague, weak and unsatisfactory. Plaintiff admits that defendants were to look to him for this money but says it was only up to the sum of $10.00. We think the trial judge erred in this finding.

3. An item of $9.00 was also deducted from defendants' account by the trial judge, as being a double charge, because the same amount had been charged to Philip Sam. This proof shows that this amount was paid by defendants' to Dr. Brown and that the charge against Philip Sam was another and distinct item and for another service. We believe the trial judge again erred in making this deduction.

4. Another item contested in this court, is the charge by defendants of $221.21 paid for picking cotton grown by plaintiff. The district judge reduced that item to $120.00 and defendants strenuously challenge the correctness of that finding. Defendants seem to forget that the account which they plead in compensation, is in the nature of a plea of payment and that it was encumbent upon them, to prove every item with the same certainty as if they had brought a direct suit for its recovery. Plaintiff had no right to answer or to take replication thereto and the court is to consider each item of the account as if specially denied. The burden under the law, was clearly upon defendants to prove with certainty and by a preponderance of evidence, the correctness of the same. Plaintiff was entitled to know to

whom, when and for what particular work, each of these payments to cotton pickers were made.

The proof is lacking in these details. There is no doubt that defendants did put out money for picking plaintiff's cotton, and with the lights before him, the district judge reached a conclusion which to us seems fair and just, and we see no reason to reverse his finding.

For these reasons the judgment appealed from is reduced from three hundred and twenty 18/100 dollars to two hundred and fifty-five 18/100 dollars and thus amended, it is affirmed, costs of appeal to be paid by plaintiff and appellee.